## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT<br>30 North Gould Street<br>Suite 12848<br>Sheridan, WY 82801<br><br>*Plaintiff*,<br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY<br>1200 Pennsylvania Avenue NW<br>Mail Code 2310A<br>Washington, DC 20460<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 24-cv-3074<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff GOVERNMENT ACCOUNTABILITY & OVERSIGHT ("GAO") for its complaint against Defendant U.S. ENVIRONMENTAL PROTECTION AGENCY ("USEPA"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for declaratory and injunctive relief. Plaintiff seeks the immediate processing and release of agency records responsive to one FOIA request submitted by plaintiff following the agency's failure to comply with statutory timelines.

2. USEPA failure to comply with FOIA includes but is not limited to the agency's failure to, e.g., fulfill its obligation to make a "determination" as that term is defined in *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 816 (D.C. Cir. 2013), its failure to substantively respond to plaintiff's request, and its constructive or actual withholding of responsive information and/or documents in violation of defendant's obligations.

3. Accordingly, plaintiff files this lawsuit to compel USEPA to comply with the law and produce the properly described public records sought in this FOIA request.

## PARTIES

4. Plaintiff Government Accountability & Oversight ("GAO") is a nonprofit research, public policy and public interest litigation center organized under the laws of Wyoming. GAO is dedicated to education regarding responsible regulation and transparency in government, a key part of which is seeking public records illuminating how policymakers use public resources, and with whom.

5. Defendant U.S. Environmental Protection Agency is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

8. Plaintiff is not required to further pursue administrative remedies before seeking relief in this Court because the defendant has failed to make a timely "determination" on the merits as that term is defined in *CREW*, 711 F.3d at 188; *see also e.g., Citizens for Resp. & Ethics in Wash. v. Dep't of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020).

## PLAINTIFF'S FOIA REQUEST

9. On September 12, 2024, plaintiff submitted by internet portal a request to defendant seeking copies of certain described electronic correspondence of two USEPA officials.

10. USEPA acknowledged the plaintiff's request on September 12, 2024, and assigned it tracking number 2024-EPA-07179. USEPA later assigned this request for processing on September 16, 2024.

11. On September 25, 2024, requester GAO corresponded with the Agency about its request to clarify the request.

12. As of this filing, defendant has provided no substantive response or "determination" with respect to this request as that term is defined in the Freedom of Information Act and as the D.C. Circuit explained was the obligation of every agency in *CREW v. Federal Election Commission*, 711 F.3d 180, 188.

13. The FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

14. Defendant owed plaintiff a "*CREW*" response to its request described, above, including a "determination" as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013), no later than October 10, 2024.

15. Alternatively, even assuming *arguendo* that the agency was entitled to claim and claimed the statutory extension afforded for requests where it claims any of the "unusual circumstances" set forth in FOIA exist, USEPA owed Plaintiff a "*CREW*" response to its request no later than October 25, 2024.

16. USEPA is now past its statutory period for issuing such a determination on the above-described request without providing any substantive response to plaintiff's request, in violation of its obligations under FOIA.

## FIRST CLAIM FOR RELIEF
### Duty to Produce the Records

17. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

18. This count relates to plaintiff's ultimate entitlement to the records at issue. It seeks both a mandatory injunction which will require defendant to produce the records, and a declaration that defendant's failure to make a determination or produce the records is in violation of FOIA.

19. Plaintiff has sought records under FOIA and been denied the required determination as to how many potentially responsive records exist.

20. Plaintiff has the statutory right to the information it seeks and the USEPA has unlawfully withheld the information.

21. Plaintiff is not required to further pursue administrative remedies.

22. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to the records responsive to its FOIA request as described above, and any attachments thereto, but that the USEPA has failed to provide the records;

    b. The USEPA's processing of plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy the Agency's obligations under FOIA;

    c. The USEPA must now produce the records responsive to plaintiff's request.

23. Plaintiff is entitled to injunctive relief compelling the USEPA to produce the records responsive to the FOIA request described herein.

24. Plaintiff asks the Court to enter an injunction ordering the USEPA to produce to plaintiff within twenty business days of the date of the order the requested records sought in plaintiff's FOIA request described above, and any attachments thereto, at no cost to plaintiff.

25. Plaintiff asks the Court to order the Parties to consult regarding the withheld documents and to file a status report to the Court within thirty days after plaintiff receives the produced documents, addressing the USEPA's preparation of a *Vaughn* log, and a briefing schedule for resolution of remaining issues associated with plaintiff's challenges to the USEPA's withheld information, if any, and any other remaining issues.

## SECOND CLAIM FOR RELIEF
### Costs And Fees

26. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

27. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

28. This Court should enter an injunction or other appropriate order requiring the defendant to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

## PRAYER FOR RELIEF

Plaintiff respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the defendant complies with FOIA and every order of this Court;

2. Declare defendant has violated FOIA by failing to provide plaintiff with the requested information;

3. Declare that the information sought by the request, as described in the foregoing paragraphs, is public information under 5 U.S.C. § 552 *et seq*. and must be disclosed;

4. Order defendant to expeditiously provide the requested information to plaintiff within 10 business days of the Court's order and without cost to the plaintiff;

5. Award plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 30th day of October 2024,

                        GOVERNMENT ACCOUNTABILITY & OVERSIGHT
                        By Counsel:

                        /s/Matthew D. Hardin
                        Matthew D. Hardin, D.C. Bar No. 1032711
                        Hardin Law Office
                        1725 I Street NW, Suite 300
                        Washington, DC 20006
                        Phone: (202) 802-1948
                        Email: MatthewDHardin@protonmail.com

                        /s/Christopher Horner
                        Christopher Horner, D.C. Bar No. 440107
                        1725 I Street NW, Suite 300
                        Washington, DC 20006
                        Phone: (202) 262-4458
                        Email: Chris@CHornerLaw.com